1
2
3
4
5
6
7
8                        UNITED STATES DISTRICT COURT

9                      SOUTHERN DISTRICT OF CALIFORNIA

10

11   MARIE BETH D.,[1]                          Case No.: 3:24-cv-00525-W-AHG

12                              Plaintiff,     **ORDER ADOPTING R&R [DOC. 13],**
                                               **OVERRULING PLAINTIFF'S**
13   v.                                        **OBJECTIONS [DOC. 14], AND**
                                               **ORDERING JUDGMENT IN FAVOR**
14   FRANK BISIGNANO, Acting                   **OF DEFENDANT**
     Commissioner of Social Security,[2]
15
                               Defendant.
16

17

18

19          Pending before the Court is Plaintiff's objection to Magistrate Judge Allison H.

20   Goddard's Report and Recommendation ("R&R") to affirm the Commissioner of the

21   Social Security Administration's ("SSA") denial of supplemental security benefits. (*See*

22   *R&R* [Doc. 13].) The Court referred all matters arising in this social security appeal to

23

24   ───────────────

25   [1] To protect Plaintiff's privacy, this Order uses only the first name and initial of the last name of the
     non-government party. *See* CivLR 7.1(e)(6)(b).

26
     [2] Frank Bisignano became the Acting Commissioner of the Social Security Administration on May 06,
27   2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Frank Bisignano should be
     substituted as the defendant in this suit. No further action need be taken to continue this suit by reason if
28   the last sentence of Section 25(g) of the Social Security Act, 42 U.S.C. § 405(g).

Judge Goddard for a R&R under 28 U.S.C. Section 636(b)(1)(B) and Civil Local Rule 72.1.

On February 14, 2025, Judge Goddard issued the R&R to affirm the Commissioner's decisions [Doc. 13]. Plaintiff filed Objections to the R&R on February 28, 2025. (*Obj.* [Doc. 14].) Defendant has opposed. (*Opp'n* [Doc. 15].)  For the reasons explained below, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** the R&R in its entirety.

## I.    BACKGROUND

On July 7, 2022, Plaintiff filed an application for disability insurance benefits and an application for supplemental security income, alleging disability beginning on December 2, 2018. (*AR*[3] [Doc. 8] at 269, 273, 275, 283.) After Plaintiff's applications were denied initially and upon reconsideration, she requested and was granted a telephonic hearing before an Administrative Law Judge ("ALJ") on August 23, 2023. (*Id.* at 49–86.) On December 21, 2023, the ALJ found Plaintiff was not disabled since her application filing date. (*Id.* at 35–37.) Plaintiff then requested the Appeals Counsel to review the ALJ's determinations, but that request was denied. (*Id.* at 3–5.)

On March 20, 2024, Plaintiff filed this lawsuit challenging the Social Security Commissioner's decision. On September 27, 2024, the parties filed their Joint Motion for review of the decision. (*Jt. Mot.* [Doc. 12].) Plaintiff presented four issues: whether the ALJ (1) failed to properly analyze the Plaintiff's subjective symptom testimony; (2) failed to properly evaluate the medical opinion of Plaintiff's treating provider, Dr. Frederic Martin; (3) failed to properly evaluate the medical opinion of the consultive examiner, Dr. Thomas Schweller; and (4) erroneously omitted mental limitations from

---

[3] "AR" refers to the Administrative Record filed on May 20, 2024. [Doc. 8].

the residual function capacity ("RFC") and from the hypothetical question posed to the vocational expert. (*Id.* at 3.)

Judge Goddard's R&R rejected Plaintiff's arguments and recommended that the Commissioner's decision be affirmed, and set March 3, 2025, as the deadline for Plaintiff to file an objection. (*R&R* at 21:7–11.) Plaintiff filed an objection and Defendant has opposed.

## II.   LEGAL STANDARD

The duties of the district court in connection with the Commissioner's decision are set forth in 42 U.S.C. § 405(g). The Commissioner's decision will be overturned if it is not supported by substantial evidence or proper legal standards. *Berry v. Astrue*, 622 F.3d 1228, 1231 (9th Cir. 2010). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 139 (2019) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). This standard requires "more than a mere scintilla, but less than a preponderance." *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). Thus, "[w]here evidence is susceptible to more than one rational interpretation, the ALJ's decision should be upheld." *Id.*

The duties of the court in connection with a magistrate judge's report and recommendation are set forth in Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). Where the parties object to a R&R, "[a] judge of the [district] court shall make a de novo determination of those portions of the [R&R] to which objection is made." *Id.*; *see Thomas v. Arn*, 474 U.S. 140, 149–50 (1985). A district judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also Wilkins v. Ramirez*, 455 F. Supp. 2d 1080, 1088 (S.D. Cal. 2006).

///

///

### III.  ANALYSIS

Plaintiff objects to the R&R on four grounds. First, she argues "the ALJ failed to provide clear and convincing reasons for discounting her allegations of pain and physical dysfunction." (*Obj.* at 2:2–3.) Second, she argues "the ALJ failed to properly evaluate the examining medical source opinion of Frederic Martin, M.D." (*Id.* at 2:5–6.) Third, Plaintiff argues "the ALJ failed to properly evaluate the examining medical source opinion of Thomas Schweller, M.D." (*Id.* at 2:7–8.) Fourth, Plaintiff argues "the ALJ erred in failing to include mental work restrictions in her residual functional capacity." (*Id.* at 2:10–11.)

### A.    Substantial Evidence Supports the ALJ's Evaluation of Plaintiff's Testimony of Pain and Physical Dysfunction

The ALJ rejected the extent of Plaintiff's subjective pain testimony. An ALJ can reject a claimant's testimony if she or he gives "specific, clear, and convincing" reasons for the rejection. *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014). An ALJ must "specifically identify the testimony she or he finds not to be credible . . . and explain what evidence undermines that testimony." *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020) (quoting *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1102 (9th Cir. 2014)). Furthermore, "an ALJ may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of pain." *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005). However, "[w]hen objective medical evidence in the record is inconsistent with the claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such testimony." *Smartt v. Kijakazi*, 53 F.4th 489, 498 (9th Cir. 2022).

Plaintiff objects to the R&R on the grounds that "the ALJ failed to provide clear and convincing reasons, supported by the record evidence, for discounting her allegations of pain and physical dysfunction." (*Obj.* at 5:6–8.) Plaintiff contends the Magistrate Judge failed to address whether the ALJ disregarded Plaintiff's testimony solely because

it was not substantiated affirmatively by objective medical evidence. (*Id.* at 3:1–5.) Plaintiff also points to evidence in the record that supports the extent of her pain allegations and contends that "[n]either Judge Goddard nor the ALJ reconciled these abnormal findings with their conclusion that Plaintiff's pain and physical symptoms were inconsistent with the objective medical evidence in the record." (*Id.* at 3–4.)

However, as the Magistrate Judge has shown in the R&R, the ALJ specifically identified the pain testimony he found not credible and supported his reasoning by pointing to specific objective medical evidence in the record that undermined and undercut that testimony:

- The ALJ rejected Plaintiff's testimony that she must elevate her feet and experiences shooting pain while sitting because evidence in the medical record indicated Plaintiff had 5/5 lower extremity strength and normal gait, and Plaintiff denied issues of gait and loss of strength during video visits to doctors. (*AR* at 30, 525, 564, 617, 645, 658; *R&R* at 10–12).

- The ALJ rejected Plaintiff's testimony that she experiences pain when carrying items over three pounds and has difficulty grasping objects because of tremors in her hands as treatment notes showed Plaintiff had intact sensation, 5/5 upper extremity strength, normal grip strength, and normal upper extremity range of motion; a 2021 nerve study had normal findings; and a 2023 neurological examination showed Jamar grip on the right was 20 pounds and on the left was 15 pounds. (*AR* at 31, 69–70, 502, 723.) Plaintiff additionally denied having tremors/tingling/numbness at televisits in 2021 and 2022. (*AR* at 525, 529; *R&R* at 12–13.)

- The ALJ declined to include greater limitations in the residual functional capacity arising from the claimant's neck limitations because Plaintiff reported to doctors having improvement with physical therapy, Plaintiff's therapist noted improvement with treatment, and Plaintiff had either full range of motion or only mild neck range limitations in physical exams from

2021–2023. (*AR* at 32, 448, 449, 521, 605, 608, 617, 627, 632, 671, 704, 723; *R&R* at 13–14.)

The ALJ did not disregard Plaintiff's testimony based solely on a lack of corroborating objective medical evidence. Instead, the ALJ provided specific reasons supported by the record—contradictory objective medical evidence—for discrediting Plaintiff's symptoms. While some evidence in the record supports Plaintiff's pain allegations, "where the ALJ has provided specific reasons supported by the record for discrediting Plaintiff's symptoms, the Court is not free to second-guess the ALJ's conclusions, even though some of the evidence in the record may be contradictory." (*R&R* at 12:4-7 (citing *Batson v. Comm'r of the Soc. Sec. Admin.*, 359 F.3d 1190, 1196 (9th Cir. 2004)).) The Magistrate Judge was correct in her finding that the ALJ provided clear and convincing reasons, supported by the record evidence, for discounting Plaintiff's allegations of pain and physical dysfunction.

**B.    Substantial Evidence Supports the ALJ's Evaluation of the Medical Opinions**

Plaintiff objects to the ALJ's evaluation of Dr. Martin's medical opinion as unpersuasive and Dr. Schweller's medical opinion as partially persuasive. (*Obj.* at 2:5–8.) In "determining whether a claimant is eligible for benefits . . . the ALJ must scrutinize the various—often conflicting—medical opinions to determine how much weight to afford each opinion." *Cross v. O'Malley*, 89 F.4th 1211, 1214 (9th Cir. 2024). The "ALJ is not required to take medical opinions at face value." *Ford v. Saul*, 950 F.3d 1141, 1155 (9th Cir. 2020). The ALJ must consider the factors of both supportability and consistency in scrutinizing medical testimony. 20 C.F.R. § 404.1520c(a); *id.* § 416.920c(a). "The more relevant the objective medical evidence and supporting explanations are presented by a medical source are to *support* his or her medical opinion . . . the more persuasive the medical opinion . . . will be." *Id.* § 404.1520c(a) (emphasis added). "The more *consistent* a medical opinion . . . is with the evidence from other medical sources and nonmedical

sources in the claim, the more persuasive the medical opinion . . . will be." *Id.* (emphasis added). In considering these factors, "the ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence." *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

### (1)   Dr. Martin's Opinion

Plaintiff asserts the Magistrate Judge erred in rejecting Dr. Martin's assessment of physical work restrictions based on "Plaintiff's activities, including riding a bike and driving." (*R&R* at 16:13.) Plaintiff argues that she drove "with limitations" and "had difficulty pushing on the pedals and had to pull over to the side of the road." (*Obj.* at 5:26–6:1.) Further, Plaintiff argues the "record indicated that Plaintiff's bike was stolen, but did not indicate that she was actually riding a bike." (*Id.* at 6:1–2.) Plaintiff also asserts the Magistrate Judge erred in finding that the ALJ properly evaluated Dr. Martin's testimony because "[d]iagnostic testing revealed evidence of nerve disfunction . . . and examinations showed deficits in reflexes and sensation." (*Id.* at 5:17–19.) Plaintiff contends this evidence supports Dr. Martin's opinion, even though the ALJ supported his decision to reject Dr. Martin's testimony by pointing to signs of Plaintiff having normal strength in extremities in multiple examinations. (*Id.* at 5:11–22; *R&R* at 16:12–13.)

There is substantial evidence in the record supporting the ALJ's conclusion Plaintiff drives. For example, when "the claimant was questioned about her ability to drive, [] she noted that she was only limited by the amount of money she had to buy gas." (*AR* at 33.) The record also corroborates this testimony and supports the ALJ's rejection of Dr. Martin's medical opinion on this issue. (*Id.* at 93, 137, 354, 457, 468, 597.)

There is no evidence in the record supporting the ALJ's conclusion that Plaintiff rode her bike during the relevant statutory period. The ALJ decision states "the claimant reported activities including riding a bike." (*AR* at 33.) The quoted portion of the ALJ decision cites a medical evaluation where "the claimant was asked if she had any current hobbies and she reported 'yes, riding [her] bike, but it got stolen a little while ago.'" (*Id.*

at 596.) Because the evidence indicates Plaintiff did not have the bike during the relevant period, the ALJ erred in determining that Plaintiff rode her bike and erred in relying on this evidence in his conclusion as to Dr. Martin's medical opinion.

Nevertheless, there is substantial evidence supporting the ALJ's conclusion as to Plaintiff's lower extremity limitations. Specifically, the Magistrate Judge pointed to instances in the record where Plaintiff or examiners reported 5/5 or normal strength in all extremities:

- A June 2021 neurological examination rated Plaintiff's strength "5/5 [for] all extremities." (*AR* at 490.)

- A November 2021 visit with a pain specialist found "motor strength normal [in] upper and lower extremities," and Plaintiff denied loss of strength (*Id.* at 534.)

- Plaintiff denied loss of strength in a January 2022 visit with a pain specialist. (*Id.* at 525.)

- A February 2022 visit with a pain specialist found "motor strength normal [in] upper and lower extremities." (*Id.* at 521.)

- An August 2022 office visit rated Plaintiff's "[s]trength 5/5 U/E, L/E." (*Id.* at 645.)

- A December 2022 orthopedic exam evaluation rated Plaintiff's "[s]trength [] 5/5 in the bilateral upper and lower extremities . . . [despite] mildly reduced muscle bulk." (*Id.* at 617.)

While strength is not the only metric of extremity function, the ALJ accounted for Plaintiff's neuropathy and other symptoms in the RFC. (*AR* at 33.) The ALJ found Dr. Martin's testimony regarding Plaintiff's physical work limitations unpersuasive and inconsistent after identifying the conflicting evidence in the record detailed above. (*Id.*) Plaintiff's claim regarding conflicting evidence is not sufficient to overcome the substantial evidence standard because the ALJ found Dr. Martin's examination inconsistent with the record of Plaintiff's strength evaluations and provided "more than a mere scintilla" of evidence supporting his conclusion. *See Revels*, 874 F.3d at 654. Therefore, Plaintiff's objection is overruled.

### (2)    Dr. Schweller's Opinion

Plaintiff objects to the ALJ's evaluation of Dr. Schweller's medical opinion as partially persuasive, arguing Dr. Schweller's opinion is both supported by objective evidence and consistent with other medical evidence in the record. (*Obj.* at 6:16–17; 7:9–10.) Regarding supportability, Plaintiff points to objective findings in Dr. Schweller's opinion which affirm his analysis. (*Id.* at 7:9–16 (citing *AR* at 723).) Regarding consistency, Plaintiff points to several instances in the record "showing that Plaintiff had an antalgic gait or used a cane" (*Id.* at 6:14–16 (citing *AR* at 628, 633, 671-672, 703-304.)

The ALJ properly evaluated both the supportability and consistency factors regarding Dr. Schweller's opinion. For every instance in the record supporting Plaintiff's contention, the ALJ cites to other portions of the record indicating a normal gait and ambulation without a cane:

- A June 2021 neurological examination determined that Plaintiff had normal station, stride, arm swing, tip toe walk, tandem walk, and heel walk. (*AR* at 490.)

- Plaintiff denied gait abnormality in a November 2021 appointment with a pain specialist. (*Id.* at 534.)

- A December 2021 visit with a pain specialist indicated that Plaintiff rated the relief she received from pain treatments or medications; Plaintiff rated the relief received as to her "[w]alking [a]bility" an eight out of ten. (*Id.* at 528.)

- Plaintiff denied gait abnormality in a January 2022 appointment with a pain specialist. (*Id.* at 525.)

- A February 2022 visit with a pain specialist indicated that Plaintiff rated the relief she received from pain treatments or medications; Plaintiff rated the relief received as to her "[w]alking [a]bility" a nine out of ten. (*Id.* at 520.)

- A December 2022 orthopedic exam evaluation observed that "claimant ambulate[d] without an assistive device" and "normal gait pattern . . . [and] no postural or gait instability." (*Id.* at 613, 617.)

The ALJ cites to sufficient evidence in the record to meet the substantial evidence standard to uphold his decision. As outlined above, where there is more than one rational interpretation of the evidence, the ALJ's decision must be upheld. *Revels*, 874 F.3d at 654. Therefore, Plaintiff's objection is overruled.

## C.    Substantial Evidence Supports the ALJ's Evaluation of Plaintiff's Mental Work Restrictions in Her Residual Functional Capacity

Plaintiff argues the ALJ erred in formulating an RFC with no mental work restrictions, "stand[ing] on the merits of the arguments [] raised in the Joint Motion." (*Obj.* at 8:24-25.) Plaintiff relied on *Hutton*, an unpublished Ninth Circuit opinion, where the court found an ALJ erred by not including the plaintiff's post-traumatic stress disorder, a mental limitation, in the RFC determination. *See Hutton v. Astrue*, 491 F. App'x 850, 850 (9th Cir. 2012). However, as the Magistrate Judge correctly points out, unlike how the ALJ expressly excluded the plaintiff's mental limitations from the RFC determination in *Hutton*, here, the ALJ engaged in a lengthy analysis of Plaintiff's mild mental impairments at step two of the disability evaluation process and expressly incorporated that analysis in the RFC determination. *See id.*; *see also AR* at 26–27.

Plaintiff further objects to the Magistrate Judge's R&R on the grounds that the ALJ should have posed hypotheticals with mental work restrictions to the vocational expert. However, as the ALJ came to the reasonable conclusion that Plaintiff's mental limitations were mild, and the ALJ is not required to pose hypotheticals regarding mild limitations that present "no significant interference with the ability to perform basic work-related activities," the Magistrate Judge correctly found that the ALJ did not err in his omission of mental work restriction hypotheticals. *See Osenbrock v. Apfel*, 240 F.3d 1157, 1165 (9th Cir. 2001).

Plaintiff also contends the ALJ ignored Plaintiff's mild limitations in ability to respond to change, as found by consultative psychological examiner, Dr. Livesay, in his RFC determination. However, "the ALJ's analysis confirms that he reviewed and

considered Dr. Livesay's opinion thoroughly and considered Plaintiff's mild mental limitations when formulating the RFC." (*R&R* at 20:17–19.) Therefore, the Magistrate Judge correctly found that the ALJ did not err.

**IV.   CONCLUSION**

Based on the foregoing, the Court **OVERRULES** Plaintiff's objections, **AFFIRMS** the Commissioner's decision, **ADOPTS** Judge Goddard's R&R in its entirety, and **ORDERS** judgment entered in favor of the Commissioner and against the Plaintiff.

**IT IS SO ORDERED.**

Dated:  June 18, 2025

Hon. Thomas J. Whelan
United States District Judge

3:24-cv-00525-W-AHG